UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JANE DOE #1,

          Plaintiff,

    v.

PALO ALTO UNIFIED SCHOOL
DISTRICT, et al.,

          Defendants.

Case No. 25-cv-02120-EKL

**ORDER GRANTING MOTIONS TO
APPOINT GUARDIAN AD LITEM
AND TO PROCEED BY PSEUDONYM**

Re: Dkt. Nos. 2, 3

Plaintiff Jane Doe #1, a minor, alleges that the Palo Alto Unified School District (the "District"), as well as teachers and school officials, failed to protect her from repeated sexual misconduct by other students. Compl. ¶¶ 2-16, 22-32. Two motions are before the Court. First, Plaintiff moves to appoint her mother as her guardian ad litem. *See* Appl. for Appoint. of Guardian Ad Litem, ECF No. 2 ("GAL Mot."). Second, Plaintiff requests the Court's permission to proceed by pseudonym as "Jane Doe #1," and for her mother to proceed by pseudonym as "Jane Doe #2," to protect Plaintiff's privacy given the sensitive nature of the claims in this case. *See* Mot. to Proceed by Pseudonym, ECF No. 3 ("Pseudonym Mot."). Having carefully reviewed the briefs and relevant authority, the Court finds these matters suitable for disposition without oral argument. *See* Civil L.R. 7-1(b). For the following reasons, the Court GRANTS the motions.

## I.    MOTION TO APPOINT GUARDIAN AD LITEM

Plaintiff asks the Court to appoint her mother as guardian ad litem in this action. Federal Rule of Civil Procedure 17(c)(2) provides that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

United States District Court
Northern District of California

United States District Court
Northern District of California

"The purpose of Rule 17(c) is to protect an incompetent person's interests in prosecuting or defending a lawsuit." *Davis v. Walker*, 745 F.3d 1303, 1310 (9th Cir. 2014). An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1). Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502(a)(2).

When determining whether to appoint a particular guardian ad litem, the court must consider whether the minor and the proposed guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1). If "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *J.M. v. Liberty Union High Sch. Dist.*, No. 16-cv-05225-LB, 2016 WL 4942999, at *1 (N.D. Cal. Sept. 16, 2016) (collecting cases). When there is no apparent conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. *Williams v. Super. Ct.*, 147 Cal. App. 4th 36, 47 (2007).

Here, it is appropriate to appoint a guardian ad litem because Plaintiff is a minor. GAL Mot. at 1; *see also* Compl. ¶¶ 4-8 (alleging that Plaintiff was a kindergarten student at the time of the alleged sexual assault incidents in 2023 and 2024). Additionally, Plaintiff's mother is an appropriate guardian because, based on the face of the complaint, there are no apparent conflicts of interest between Plaintiff and her mother, who is not a party to this action. *Cf. J.T. v. Antioch Unified Sch. Dist.*, No. 18-cv-02992-EMC, 2018 WL 4334603, at *2 (N.D. Cal. Sept. 11, 2018) (discussing circumstances under which a parent and child might have divergent interests).

Accordingly, the motion is GRANTED. Plaintiff's mother is appointed as Plaintiff's guardian ad litem for this action.

## II.    MOTION TO PROCEED BY PSEUDONYM

Plaintiff seeks permission to proceed by pseudonym to maintain her privacy, as she "continues to be a student in the District." Pseudonym Mot. at 2. Plaintiff alleges that she is a victim of sexual harassment and sexual assault, and she represents that "disclosure of her identity would raise a serious risk of emotional and psychological harm." Pseudonym Mot. at 4. Plaintiff

also requests permission for her mother – serving as Plaintiff's guardian ad litem – to proceed anonymously because the use of "her mother's initials (let alone her mother's full name) would make identification of Plaintiff very easy." *Id.* at 3.

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schs./Bernice Pauahi Bishop Est*., 596 F.3d 1036, 1042 (9th Cir. 2010) (citations omitted). However, parties may "proceed anonymously when special circumstances justify secrecy." *See Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) (collecting cases). Parties may "use pseudonyms in the 'unusual case' when nondisclosure of the party's identity 'is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment.'" *See id*. at 1067-68 (quoting *United States v. Doe*, 655 F.2d 920, 922 n.1 (9th Cir. 1981)). Where these special circumstances exist, a court may permit the party to proceed anonymously "when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id*. at 1068.

Here, the Court will permit Plaintiff and her mother to proceed by pseudonym because, at this stage of the litigation, Plaintiff's need for anonymity outweighs the risk of prejudice to Defendants and the public's interest in knowing her identity. "With regard to allegations of sexual assault, several courts have concluded that any prejudice the defendant may face does not favor requiring the plaintiff to disclose her identity, and that the public's interest in allowing alleged victims of sexual assault to proceed anonymously outweighs any public interest in the plaintiff's identity." *M.J.R. v. United States*, No. 23-cv-05821-VKD, 2023 WL 7563746, at *1 (N.D. Cal. Nov. 14, 2023) (collecting cases); *see also Doe v. Mt. Diablo Unified Sch. Dist.*, No. 18-cv-02589-JSC, 2018 WL 2317804, at *2 (N.D. Cal. May 22, 2018) ("[A]llowing sexual assault victims to proceed anonymously serves a strong public interest in protecting their identities so that other victims will not be deterred from reporting such crimes."). Additionally, Defendants will not be prejudiced at this stage because Plaintiff "has already disclosed her true identity and [her mother's identity] to Defendants prior to filing this action and will disclose these identities to Defendants during the course of this litigation." *Id*. at 4; *see also* Jane Doe #2 Decl. ¶ 4, ECF No. 3; Zisser Decl. ¶¶ 1-3, ECF No. 3.

United States District Court
Northern District of California

For the foregoing reasons, the Court GRANTS the motion. Plaintiff and her guardian ad litem may continue to identify themselves in this action using the pseudonyms Jane Doe #1 and Jane Doe #2, respectively. All filings on the docket may reference Plaintiff and her guardian ad litem using only their pseudonyms and no party may publicly disclose their identities. This Order does not prejudice the right of Defendants – who have not yet appeared – to later move to reveal the identities of Plaintiff and her guardian ad litem.[1] Additionally, the Court may reconsider this Order as the litigation progresses, as appropriate. *See Advanced Textile*, 214 F.3d at 1069 (recognizing that "the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses").

**IT IS SO ORDERED.**

Dated: May 8, 2025

_____
Eumi K. Lee
United States District Judge

[1] Even if this Order is later vacated or modified, court filings must use a minor's initials instead of the minor's name. *See* Fed. R. Civ. P. 5.2(a).

4